# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

MICHELLE WEISS, JOY M. BLOCKER, )
PEGGY F. FARLEY, TRACI DVORSCAK, )
KENNETH POTTS, individually and on )
behalf of all others similarly situated, )
 )
   Plaintiffs, )
 )
    v. )
 )
MARK WEINBERGER, M.D., individually; )
MARK WEINBERGER, M.D., PC; ) Cause No. 2:04-CV-463 PS
MERRILLVILLE CENTER FOR ADVANCED )
SURGERY, LLC; THE NOSE AND SINUS )
CENTER, LLC;  SUBSPECIALITY CENTER )
FOR ADVANCED SURGERY, LLC; )
ROBERT P. HANDLER, as Receiver of Mark )
Weinberger, M.D., PC; MEDICAL BUSINESS )
OFFICE; AND TRUSTMARK RECOVERY )
SERVICES, )
 )
   Defendants. )

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss Counts II, V, and VI of

Plaintiffs' First Amended Class Action Complaint [Doc. 11] filed by  Robert P. Handler as

Receiver ("Receiver") for  Mark Weinberger, M.D., PC, Merrillville Center for Advanced

Surgery, LLC, The Nose and Sinus Center, LLC, and Subspecialty Centers of America, LLC

(collectively, the "Weinberger Entities").  Plaintiffs claim that both the Weinberger Entities and

the court-appointed Receiver allegedly employed unfair debt collection practices by attempting

to collect amounts not owed in violation of the Fair Debt Collections Practices Act ("FDCPA").

15 U.S.C. § 1692, *et seq*.  The Receiver argues for dismissal under Fed. R. Civ. P. 12(b)(6) of

Counts II and V of the first amended complaint because he contends that Plaintiffs have failed to

state a cause of action under the FDCPA, and for dismissal of the state law claim, Count VI, for which the Court has supplemental jurisdiction (in the event that Counts II and V are dismissed). Because the Weinberger Entities and the Receiver are not "debt collectors" under the FDCPA, Plaintiffs have failed to state a valid claim for relief against those entities. Accordingly, Defendant's motion to dismiss as to those claims must be granted.

## BACKGROUND

Plaintiffs' claims arise from healthcare services provided to them between 2003-2004 by Defendant Mark Weinberger, M.D. through entities he owned and managed, the Weinberger Entities. Plaintiffs allege that the Weinberger Entities reached an agreement with them that they would accept payments equal to the amount of insurance proceeds offered by the patient's health care insurer, and nothing more, for the health care services provided. (Am. Compl. ¶ 19.) Plaintiffs maintain that none of them would have agreed to allow Dr. Weinberger to provide such medical services without the "insurance only" agreement. (*Id.* ¶¶ 35, 45, 55, 65, 77.)

Evidently under siege, Dr. Weinberger disappeared and has abandoned his practice. Since September 30, 2004, he has missed numerous patient appointments and his whereabouts are now unknown. As a result, on October 5, 2004, an emergency petition for the appointment of a receiver was filed in Lake Circuit Court. On that same day, the Lake Circuit Court appointed the aptly named Robert Handler as Receiver over the Weinberger Entities. That case was removed to this Court and is pending under Cause No. 2:04-CV-497 PS. On February 17, 2005, the undersigned entered an Order Amending Agreed Order for Appointment of Receiver continuing the appointment of Robert Handler pursuant to 28 U.S.C. §§ 754, 959(b) and Fed. R. Civ. P. 66. (*See* [Doc. 32] in 2:04-CV-497 PS).

2

Plaintiffs allege that the Receiver, Defendant Trustmark Recovery Services, and Defendant Medical Business Office have attempted to collect debts from them, in breach of the "insurance only" agreement that the Plaintiffs allegedly made with Dr. Weinberger, for medical services provided by the Weinberger Entities.  (*See generally* Am. Compl.)  By attempting to collect from the Plaintiffs amounts that are allegedly not due and owing under the agreements between the patients and Dr. Weinberger, Plaintiffs contend that the Receiver (and the others) have violated provisions of 15 U.S.C. § 1692f.

## DISCUSSION

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004). However, the court "will not strain to find inferences favorable to the plaintiffs which are not apparent on the face of this ... complaint."  *Coates v. Ill. State Bd. of Educ.*, 559 F.2d 445, 447 (7th Cir. 1977).  The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint.  *Wieler v. Household Fin. Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996); *Pickrel v. City of Springfield, Ill.*, 45 F.3d 1115 (7th Cir. 1995).  A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations.  *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

I.        **FDCPA Claims Against Weinberger Entities**

Plaintiffs claim that the Weinberger Entities violated the FDCPA by attempting to collect amounts not due or owed under prior agreements between Plaintiffs and the Weinberger Entities. However, the Weinberger Entities are not "debt collectors" under the FDCPA.

For purposes of applying the FDCPA to a particular debt owed, a court must first determine whether the alleged defendants are indeed "debt collectors," and not creditors, under the FDCPA. *Aubert v. Am. Gen. Finance, Inc.*, 137 F. 3d 976, 978 (7th Cir. 1998). The FDCPA differentiates between creditors and debt collectors because it is presumed that creditors are restrained from utilizing bad debt collection practices out of their desire to protect their "good will" when collecting amounts owed from customers. *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003). Thus, the FDCPA is aimed at preventing debt collectors – those who will likely have no future contact with consumers and therefore have little incentive to maintain a good rapport with them – from using abusive debt collection tactics. *Id.*

The FDCPA defines  a "debt collector" as follows:

> Any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). Creditors are broadly defined under the FDCPA as those "who [offer] or [extend] credit creating a debt or to whom a debt is owed." *Id.* Generally, the debt collection practices of creditors are not subject to the FDCPA unless creditors attempt to collect under a name other than their own. *Schlosser*, 323 F.3d at 536.

Plaintiffs rely on *Hill v. Ebbets Partners Ltd.*, 812 N.E.2d 1060 (Ind. Ct. App. 2004), to support their position that the Weinberger Entities are debt collectors.  This reliance is

4

misplaced.  The Indiana Court of Appeals in dicta stated that under Indiana agency law, "[a]n agent who commits a tortious act is equally liable with the principal." *Hill*, 812 N.E.2d at 1064. The court went on to say that if a debt collector, acting at the behest of a creditor, violates the FDCPA, the debtor may have a cause of action against the creditor under Indiana state law. *Id.* While *Hill*, does not help the Plaintiffs to establish a cause of action under the FDCPA against the Weinberger Entities, it may provide some support for a state law claim based on an agency theory if the debt collectors in this case are eventually found to have violated the FDCPA.

Regardless, the Weinberger Entities were not principally engaged in the business of collecting debts; they were primarily engaged in providing healthcare.  Any debts that the Weinberger Entities allegedly attempted to collect would have been debts owed to them – not debts owed or due another.  Because the Weinberger Entities meet the definition of creditors under the FDCPA, and therefore do not qualify as debt collectors, their debt collection practices are not regulated by the FDCPA.  Plaintiffs have therefore failed to state a claim against the Weinberger Entities for violation of the FDCPA and they must be dismissed.

## II.     FDCPA Claims Against the Receiver

Plaintiffs also assert that the Receiver in this matter, Robert Handler, is subject to liability under the FDCPA.  But, the Receiver is a creditor and not a "debt collector" because he stands in the shoes of the creditors, the Weinberger Entities.  In addition, the Receiver falls under a statutory exemption to the term debt collector. *See* 15 U.S.C.  § 1692a(6)(C).  Any way you look at it, the Receiver's debt collection practices are not regulated by the FDCPA and Plaintiffs' claims against him fail as a matter of law.

5

First, Handler, the individual, acting as Receiver, stands in the shoes of the Weinberger Entities for the purposes of enforcing the Weinberger Entities' rights, including the collection of their outstanding income. *See B.E.L.T., Inc. v. Lacrad Int'l Corp.*, 2002 WL 1905389 at *2 (N.D. Ill. Aug. 19, 2002) (court-appointed receiver stands in the shoes of corporation it was appointed to represent and not the corporation's creditors); *cf. Scholes v. Lehmann*, 56 F.3d 750, 753-54 (7th Cir. 1995) (receiver had standing to bring fraudulent conveyance claims for the benefit of corporations, the receivership entities, and not for the benefit of the receiverships' creditors). Specifically, the Receiver in this matter has responsibility to:

> take possession of, manage and operate, to collect the income and profits thereof, to apply the same to the payment of all amounts required in the Receiver's judgment for the preservation thereof, to retain the remainder for eventual disposition as directed by the Court, and to do any other acts it deems proper to protect and operate the Business. The Receiver may in its discretion hire employees, or use its own employees, as is necessary or appropriate for the maintenance and operation of the Business.

(Receiver's Ex. A.) In other words, it is the Receiver's job to take steps to protect and operate the Weinberger Entities, including hiring debt collectors to collect delinquent accounts, as if he were the Weinberger Entities.

This view of the role of a receiver finds support in the federal statute governing a receiver's responsibility. 28 U.S.C. § 959(b) specifically states that the "receiver . . . appointed in any cause pending in any court of the United States . . .shall manage and operate the property in his possession as . . . receiver . . . in the same manner that the owner or possessor thereof would be bound to do if in possession thereof." In other words, the receiver is stepping in the shoes of the absentee owner. Taking all of this into consideration, there is only one conclusion; the Receiver in this case is not properly characterized as a "debt collector," but rather as a

6

creditor – since for all intents and purposes the Receiver *is* the Weinberger Entities when he is collecting their outstanding debts.

It is also worth noting that the FDCPA has been in existence since 1977. Despite the fact that the FDCPA is a claim frequently brought, Plaintiffs have not provided the Court with any cases where an FDCPA claim is asserted against a court-appointed receiver who was engaged in the collection of debts as part of his official duties.  An exhaustive search by the Court also uncovered no such case.

Second, even if the Receiver is not properly characterized as a creditor, he falls under a statutory exemption to the term "debt collector."  The FDCPA specifically exempts from the definition of debt collector "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties."  15 U.S.C. § 1692a(6)(C).

A receiver is considered to be an officer of the court which appoints him.  *Booth v. Clark*, 58 U.S. 322, 331 (1854); Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2981 (West 1997); *see also Baker v. Metro. Life Ins. Co.,* 48 N.E. 2d 173, 174 (Ind. 1943) (receivers are officers of the court who appointed them); *Fletcher v. Am. Nat'l Bank v. McDermid*, 128 N.E. 685, 688 (Ind. Ct. App. 1920) (same).  In this case, the Receiver was originally appointed by Lake Circuit Court, but was later appointed by this federal court.  The law is clear that the Receiver is an "officer" of this Court, and is therefore an officer of the United States.

As an officer of the Court with a duty to collect debts, the Receiver is excluded as a debt collector under the FDCPA because his attempts to collect debts are in the performance of his

official duties.  *Heredia v. Green*, 667 F.2d 392 (3rd Cir. 1981), is instructive on what courts consider to be the performance of official duties.  In *Heredia*, a Landlord and Tenant Officer of the Court was found not to be a debt collector within the meaning of the FDCPA when he sent notices of termination of lease to plaintiffs who were delinquent in rental payments.  These notices were sent as part of the Officer's official duties in implementing the city's procedures and, thus excluded from the proscription of the FDCPA.  *Id.* at 394.

By Court order, one of the Receiver's duties is to "collect the income and profits" of the Weinberger Entities.  (*See* Receiver's Ex. A.)  Therefore, any collection efforts the Receiver undertakes are performed as part of his official duties and as such are exempt from the FDCPA, pursuant to § 1692a(6)(C), and Plaintiff's FDCPA claims against the Receiver fail as a matter of law.[1]

### III.    State Law Claim Against Weinberger Entities and Receiver

Finally, the Receiver contends that since Count II and Count V have been dismissed against him and the Weinberger Entities, Count VI (a state law claim for violation of the deceptive consumer sales act: Ind. Code § 24-5-0.5-3) should also be dismissed because the Court should not exercise supplemental jurisdiction.  At this stage of the litigation, the Court sees no reason why it should not retain jurisdiction over this state law claim because other federal claims remain pending in this matter.

---

[1]  The Court recognizes the tension between deeming the Receiver a *de facto* creditor, and thus exempting him from liability under the FDCPA, and also stating that he is an officer of the United States.  But the real point is that the FDCPA is aimed at curbing abuses by debt collectors – firms and individuals whose principal business and mission in life is debt collection. A receiver does not fit that description.

8

As a general rule, "[W]hen *all* federal law claims are dismissed before trial, the pendent claims should be left to the state courts." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1252 (7th Cir. 1994); *see also* 28 U.S.C. § 1367(c)(3).  Indeed, "[r]elinquishing pendent jurisdiction once federal claims are dismissed is the norm, not the exception." *Donlyn Distrib., Inc. v. BP Amoco Corp.*, No. 01 C 5728, 2003 WL 22144403, *1 (N.D. Ill. Sept. 28, 2003) (citing *Contreras v. Suncast Corp.*, 237 F.3d 756, 766 (7th Cir. 2001)).

Here, all federal claims have not been dismissed.  While it is true that the Court has dismissed the FDCPA claims against the Receiver and the Weinberger Entities, FDCPA claims remain in this action against other Defendants – Medical Business Office and Trustmark Recovery Services.  Therefore, there are still claims that support jurisdiction over Plaintiffs' state law claim.  *See e.g.*, *Builders Bank v. First Bank & Trust Co. of Ill.*, 2004 WL 2415053, at*3 (N.D. Ill. Oct. 27, 2004) (retaining jurisdiction over state law claims even after federal claims were dismissed as to one defendant because federal claims remained pending against other defendants that arose out of the same set of facts).  Accordingly, the motion to dismiss as to Count VI is denied.

9

**CONCLUSION**

For the foregoing reasons, the Receiver's Motion to Dismiss [Doc. 11] is **GRANTED IN PART AND DENIED IN PART**.  Accordingly, Plaintiffs' claims in Count II and Count V are dismissed against the following Defendants: Mark Weinberger, M.D., PC, Merrillville Center for Advanced Surgery, LLC, The Nose and Sinus Center, LLC, and Subspecialty Centers of America, LLC, and Robert P. Handler, as Receiver of Mark Weinberger, M.D. PC.  Plaintiffs' claims in Count VI as to these Defendants remain pending.

**SO ORDERED**.

ENTERED: June 9, 2005


s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

10