UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHELE WEISS, JOY M. BLOCKER, ) <br> PEGGY J. FARLEY, TRACI DVORSCAK, ) <br> KENNETH POTTS, Individually and On Behalf ) <br> Of All Other Similarly Situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARK WEINBERGER, M.D., Individually, ) <br> MARK WEINBERGER M.D., P.C., ) <br> MERRILLVILLE CENTER FOR ADVANCED ) <br> SURGERY, L.L.C., THE NOSE AND SINUS ) <br> CLINIC, L.L.C., SUBSPECIALITY CENTERS ) <br> OF AMERICA, L.L.C., ROBERT P. HANDLER, ) <br> As Receiver of Mark Weinberger, M.D., P.C., ) <br> MEDICAL BUSINESS OFFICE AND ) <br> TRUSTMARK RECOVERY SERVICES, ) <br> LAKE COUNTY BUSINESS BUREAU, ) <br> ) <br> Defendants. ) | CAUSE NO.  2:04 CV 463 <br><br> CLASS ACTION <br>  Jury Demanded |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C) FOR AN
ORDER CERTIFYING CLASS AND GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENTS REGARDING
TRUSTMARK RECOVERY SERVICES AND MEDICAL BUSINESS OFFICE**

On January 24, 2006, District Court Judge Philip P. Simon, pursuant to 28 U.S.C. § 636(b), entered an Order of Referral to United States Magistrate Judge [DE 94] referring this case to the undersigned Magistrate Judge for all matters therein.  This report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

This matter is before the Court on a Motion for Final Approval of Class Action Settlement Agreement With Medical Business Office and Lake County Business Bureau d/b/a

Trustmark Recovery Services [DE 111], filed by Michele Weiss, Joy Blocker, Peggy J. Farley, Traci Dvorscak and Kenneth Potts ("Weiss Group") on March 24, 2006.  The parties appear by counsel.  Due notice having been given and the Court being duly advised in the premises now finds as follows:

1. That the Weiss Group, Medical Business Office ("MBO"), and Lake County Business Bureau d/b/a Trustmark Recovery Services ("Trustmark") entered into a Settlement Agreement which was filed with this Court on January 26, 2006.

2. That on February 3, 2006, the Settlement Agreement was, pursuant to FRCP 23, preliminarily approved.

3. That pursuant to the Settlement Agreement, the Notice of the Class Action and Proposed Settlement was mailed by Trustmark and MBO to 658 members of the settlement class as noted in the Report of Mailing Class Notices filed by Trustmark and MBO in this matter.

4. That no objections were received, no members of the settlement class sought leave of the Court to intervene, no members of the class opted out of this action and 37 of the class notices were returned as "Undeliverable" and that those notices returned as undeliverable with forwarding addresses were resent to the forwarding addresses.

5. That 258 claim forms have been received from class members, including one questionable claim and one late claim, which fairness dictates should be allowed.

6. That the Weiss Group alleges that MBO and Trustmark violated certain provisions of the Fair Debt Collection Practices Act (FDCPA) at 15 U.S.C. §1692, et. seq.

7. That Trustmark and MBO denied that they have, in any way, violated the FDCPA.

8. That the Settlement Agreement calls for payment to each of the class representatives in the sum of $1,000.00.  Moreover, the Settlement Agreement allows for the

payment to class members, on a pro-rata basis, the sum of $10,000.00. Any unclaimed funds and any portion of the $10,000.00 not distributed to class representatives will be donated as a cy pres award to the Valparaiso University School of Law Legal Aid Program.

9. The Settlement Agreement allows for the payment of $120,000.00 to class counsel for attorney fees and costs. Class counsel has submitted evidence detailing fees and expenses which shows that they have incurred more than $140,000.00 in fees and costs in this case. Accordingly, payment by the Defendants of fees and costs to class counsel is hereby approved.

10. The Court further finds that settlement negotiations were conducted at arms-length and in good faith between counsel and that the terms of the settlement agreement are fair, reasonable to the Weiss Group and all members of the class. In addition, to the other facts stated herein, the Court finds the settlement agreement to be particularly fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

11. The Settlement Agreement also calls for release by the Weiss Group against MBO and Trustmark for various claims made pursuant to the FDCPA and as particularly alleged in Plaintiffs' Complaint.

Accordingly, the Court now **RECOMMENDS** that District Court **GRANT** the Motion for Final Approval of Class Action Settlement Agreement With Medical Business Office and Lake County Business Bureau d/b/a Trustmark Recovery Services [DE 111].

It is therefore **RECOMMENDED** that the District Court **ORDER, ADJUDGE AND DECREE** as follows:

1. That this matter is hereby certified as a Class Action with a class consisting of all natural persons in relation to whom Trustmark and/or MBO undertook any action, by mailing or causing to be mailed, any correspondence, receiving a payment or

    taking any other action related to any Weinberger consumer debt within the one year period before the filing of the Complaint in this matter.

2. That Robert E. Stochel and Glenn S. Vician are hereby appointed class counsel.

3. This Settlement Agreement between the Weiss Group, Trustmark and MBO is hereby approved.

4. The Weiss Group and each class member not opting out shall, as of the date of this Order be deemed to have given (a) Trustmark and MBO and (b) Trustmark's and MBO's past and present officers, directors, shareholders, attorneys, employees, agents, insurers, affiliates, predecessors, assigns and successors, full releases of all pending FDCPA claims, which shall forever bar plaintiffs and each class member from asserting any and all claims in law or equity that were or could have been brought against Trustmark and/or MBO related or alleged to the collection of the debts at issue and/or any allegations included, or which could have been included, or alleged, in the Complaint and/or any allegations arising from the conduct of Trustmark, MBO and/or their past and present officers, directors, shareholders, attorneys, employees, agents, insurers, affiliates, predecessors, assigns and/or successors at any time from the beginning of time to and including the Effective Date. This release shall not pertain to any claims pending against the other Defendants.

5. That within thirty (30) days after the effective date, MBO and Trustmark shall make payment to each of the class representatives in the sum of $1,000.00 each; shall make payment to all class members who have filed a claim in this case; shall pay to class counsel the total sum of $120,000.00 and will otherwise comply with the terms and conditions of the Settlement Agreement.

6.  That this Order resolves all claims by the Weiss Group against Trustmark and MBO.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have ten (10) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court; however, the Court notes that the parties stated on the record at the March 30, 2006 Final Hearing that they have no objections to entry of this Order.  The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.   Willis v. Caterpillar, Inc., 199 F.3d 902, 904 (7th Cir. 1999); Hunger v. Leininger, 15 F.3d 664, 668 (7th Cir. 1994); The Provident Bank v. Manor Steel Corp., 882 F.2d 258, 260-261 (7th Cir. 1989); Lebovitz v. Miller, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 5th day of April, 2006.

>s/ Paul R. Cherry
> MAGISTRATE JUDGE PAUL R. CHERRY
> UNITED STATES DISTRICT COURT

cc: All counsel of record