UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHELE WEISS, JOY M. BLOCKER, PEGGY J. FARLEY, TRACI DVORSCAK, KENNETH POTTS, Individually and On Behalf Of All Other Similarly Situated, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| -VS- ) ) | CAUSE NO.  2:04 CV 463 |
| MARK WEINBERGER, M.D., Individually, ) MARK WEINBERGER M.D., P.C., ) MERRILLVILLE CENTER FOR ADVANCED ) SURGERY, L.L.C., THE NOSE AND SINUS ) CENTER, L.L.C., SUBSPECIALITY CENTERS ) OF AMERICA, L.L.C., ROBERT P. HANDLER, ) As Receiver of Mark Weinberger, M.D., P.C., ) MEDICAL BUSINESS OFFICE AND ) TRUSTMARK RECOVERY SERVICES, ) LAKE COUNTY BUSINESS BUREAU, ) ) | CLASS ACTION Jury Demanded |
| Defendants. ) | |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C) FOR AN
ORDER CERTIFYING CLASS AND GRANTING APPROVAL
OF FINAL CLASS ACTION SETTLEMENTS
REGARDING ROBERT P. HANDLER, INDIVIDUALLY
AND AS COURT-APPOINTED RECEIVER**

On January 24, 2006, District Court Judge Philip P. Simon, pursuant to 28 U.S.C. § 636(b), entered an Order of Referral to United States Magistrate Judge [DE 94] referring this case to the undersigned Magistrate Judge for all matters therein.  This report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

1

This matter is before the Court on a Motion for Final Approval of Class Action Settlement Agreement Regarding Claims Against Robert P. Handler, Individually and As Court-Appointed Receiver for Mark Weinberger, M.D. P.C., Merrillville Center for Advanced Surgery, LLC, The Nose and Sinus Center, LLC, and Subspecialty Centers of America, LLC [DE 112], filed by Michele Weiss, Joy M. Blocker, Peggy J. Farley, Traci Dvorscak and Kenneth Potts ("Weiss Group") on March 24, 2006.  The parties appear by counsel.  Due notice having been given, and the Court being duly advised in the premises, finds as follows:

1. That the Weiss Group and Robert P. Handler, individually and as court-appointed Receiver for Mark Weinberger, M.D. P.C., Merrillville Center for Advanced Surgery, LLC, The Nose and Sinus Center, LLC, and Subspecialty Centers of America, LLC (collectively the "Receiver") entered into a Settlement Agreement which was filed on January 27, 2006.  An Amended Settlement Agreement was filed on March 7, 2006.

2. That on February 3, 2006, the Settlement Agreement was, pursuant to FRCP 23, preliminarily approved.

3. Pursuant to the Settlement Agreement, the Notice of the Class Action and Proposed Settlement was mailed by the Receiver to the 658 members of the settlement class.

4. No objections were received, no members of the settlement class sought leave of the Court to intervene, no members of the class opted out of this action and 37 of the class notices were returned as "undeliverable"; that those notices returned as undeliverable with forwarding addresses were resent to the forwarding addresses.

5. That Weiss Group alleges that Receiver violated the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5-1, et, seq. (Deceptive Consumer Sales Act).

6. That Receiver expressly denies that he has, in any way, violated the Deceptive Consumer Sales Act.

7. The Complaint included a claim for injunctive relief prohibiting the Receiver from proceeding with collection of certain accounts receivable of the various Weinberger entities and sought damages as provided for under the Deceptive Consumer Sales Act.

8. The Settlement Agreement calls for payment to the class representatives in the sum of $500.00 each for a total payment of $500.00.

9. Moreover the Settlement Agreement allows for a payment of $20,000.00 to class counsel for attorney fees and costs.  Class counsel has submitted evidence detailing fees and expenses which shows that they have incurred more than $20,000.00 in fees and costs.  Accordingly, payment by the Defendants for fees and costs is hereby approved.

10. The Court further finds that settlement negotiations were conducted at arms length and in good faith between counsel and that the terms of the Settlement Agreement are fair, reasonable to the Weiss Group and all members of the class. In addition to the other facts stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate, and reasonable in light of the risk of establishing liability and the expense of further litigation.

11. The Court further finds that the Receiver agrees to a covenant not to sue the members of the class relating to medical bills or account balances allegedly owed

to the Weinberger entities. The Receiver also agrees not to create or issue any adverse credit report related to the Weinberger entities.

12. The Settlement Agreement also calls for a release by the Weiss Group against the Receiver various claims in law or in equity that were or could have been brought against the Receiver or alleged in the Weiss Group's Complaint.

13. By stipulation of the parties (in light of the objection of counsel for many of the class members who have medical negligence claims against the Weinberger Entities), the original Settlement Agreement in this matter has been amended to provide additional benefits to the class in the form of a more streamlined release that mirrors the intent of the parties to the original agreement. Plaintiffs, Michele Weiss, Joy M. Blocker, Peggy J. Farley, Traci Dvorscak and Kenneth Potts and each class member not opting out, as of the Effective Date, be deemed to have given the Receiver and the Receiver's past and present officers, directors, shareholders, attorneys, employees, agents, insurers, affiliates, predecessors, assigns and successors, full release of all pending claims, which shall forever bar plaintiffs and each class member from asserting any and all claims in law or equity that were or could have been brought against the Receiver related to or alleged relative to the collection of the debts at issue and/or any allegations included, or which could have been included, or alleged, in the Complaint and/or any allegations arising from the conduct of the Receiver and/or past and present officers, directors, shareholders, attorneys, employees, agents, insurers, affiliates, predecessors, assigns and/or successors at any time from the beginning of time to and including the Effective Date, _provided_, _however_, that this Release shall not

include the release of Mark D. Weinberger, M.D., Mark Weinberger, M.D., P.C., Merrillville Center for Advanced Surgery, LLC, the Nose and Sinus Center, LLC, Subspecialty Centers of America, LLC ("Weinberger entities") of or from any liability or financial responsibility arising from any and all malpractice claims including, but not limited to, those malpractice claims pending before the Indiana Department of Insurance, the Lake Superior Court under Cause No. 45D05-0507-MI-36, or any such claims being contemplated by class members, nor shall this release preclude said malpractice claimants from recovering any medical bills they incurred from the malpractice carrier(s) of the Weinberger entities or from the Indiana Patient's Compensation Fund.

Accordingly, the Court now **RECOMMENDS** that the District Court **GRANT** the Motion for Final Approval of Class Action Settlement Agreement Regarding Claims Against Robert P. Handler, Individually and As Court-Appointed Receiver for Mark Weinberger, M.D. P.C., Merrillville Center for Advanced Surgery, LLC, The Nose and Sinus Center, LLC, and Subspecialty Centers of America, LLC [DE 112].

It is therefore **RECOMMENDED** that the District Court **ORDER, ADJUDGE AND DECREE** as follows:

1. That this matter is hereby certified as a Class Action with a class consisting of all natural persons in relation to whom Receiver undertook any action, by mailing or causing to be mailed, any correspondence, receiving a payment or taking any other action related to any Weinberger consumer debt within the one year period before the filing of the Complaint in this matter.

2. That Robert E. Stochel and Glenn S. Vician are hereby appointed class

counsel.

3.  The Amended Settlement Agreement filed herein is hereby approved.

4.  That within 30 days after the effective date, Receiver shall make payment to each of the class representatives in the sum of $500.00 each and to Robert E. Stochel and Glenn S. Vician, as class counsel, the sum of $20,000.00.

5.  This Order resolves all claims against Receiver in this action.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have ten (10) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court; however, the Court notes that the parties stated on the record at the March 30, 2006 Final Hearing that they have no objections to entry of this Order. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.   Willis v. Caterpillar, Inc., 199 F.3d 902, 904 (7th Cir. 1999); Hunger v. Leininger, 15 F.3d 664, 668 (7th Cir. 1994); The Provident Bank v. Manor Steel Corp., 882 F.2d 258, 260-261 (7th Cir. 1989); Lebovitz v. Miller, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

So ORDERED this 5th day of April, 2006.

>s/ Paul R. Cherry
>MAGISTRATE JUDGE PAUL R. CHERRY
>UNITED STATES DISTRICT COURT

cc: All counsel of record